[Civil No. 915.   Filed March 30, 1906.]

[85 Pac. 117.]

## SALT RIVER VALLEY CANAL COMPANY, a Corporation, Defendant and Appellant, v. PETER NELSSEN, Plaintiff and Appellee.

1. WATERS—IRRIGATION—SERVICE.—Principles announced in *Gould* v. *Maricopa Canal Co.*, 8 Ariz. 429, 76 Pac. 598, and in *Slosser* v. *Salt River Valley Canal Co.*, 7 Ariz. 376, 65 Pac. 332, as modified in *Gould* v. *Maricopa Canal Co.*, reaffirmed.

2. SAME—REASONABLE RATES.—There rests upon a public-service corporation, so long as it uses its franchise, a duty to render to the public at a reasonable rate, the services for which it was created.

3. SAME—JUDICIAL INQUIRY.—Whether rates which have been charged for its services by a public-service corporation are unreasonable, is a proper subject for judicial inquiry.

4. SAME—RECOVERY OF EXCESSIVE RATE PAID.—Where statutes do not define a maximum lawful rate for the services of a public-service corporation, if prices are exacted which, in the light of all the facts to be considered, are unreasonably high, one who pays such prices under protest, or under such circumstances as do not amount to acquiescence in the charge, may by suit recover the excess over a reasonable price.

5. SAME—EVIDENCE.—What is a reasonable price is, in such a suit, a fact to be proved as other facts are proved.

6. SAME.—In determining what is such reasonable rate, the effect of the rate upon persons to whom the services are rendered is as important a factor as is the effect thereof upon the profits of the corporation.

7. SAME—INJUNCTION.—A decree perpetually enjoining an irrigation canal company from preventing the flow of water through its canals

upon the lands of an appropriator of water, subject to the payment of the company's reasonable charges, and to its reasonable regulations, should also make such water service subject to the prior rights of any prior appropriators served by the company.

(Syllabus by the Court.)

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Edward Kent, Judge. Modified.

The facts are stated in the opinion.

C. F. Ainsworth, for Appellant.

E. W. Lewis, for Appellee.

NAVE, J.—Peter Nelssen is the owner of lands lying under the Salt River Valley Canal which are barren without the artificial application of water. He is neither a stockholder nor owner of a water-right in the Salt River Valley Canal Company, but by renting water-rights he has obtained, for a number of years, service of water from the canal of this company for the irrigation of his lands. The policy sought to be maintained by the Salt River Valley Canal Company of serving with water only those who own or lease water-rights, is described in previous decisions of this court (*Slosser v. Salt River Valley Canal Company*, 7 Ariz. 376, 65 Pac. 332, and *Gould v. Maricopa Canal Company*, 8 Ariz. 429, 76 Pac. 598), and needs no description or explanation in this opinion.

In the fall of 1903, without purchasing or renting a water-right, Nelssen demanded of the company service of water upon his land, tendering to the company the price charged those who own or rent water-rights. The company refused to deliver the water unless plaintiff should enter into a contract for the purchase of a water-right. Nelssen, averring his willingness to pay reasonable charges for the service of such water, and paying into court the amount theretofore tendered, brought suit against the company to compel it to deliver the water demanded. Pending final judgment, he prayed a temporary mandatory injunction requiring the company to deliver water to him for use upon his ranch, at such price as should be fixed by the court. This injunction was granted; a price was fixed by the court for the service, and paid to the

company by plaintiff. Plaintiff then filed a supplemental complaint averring that at the hearing upon the application for temporary injunction defendant had offered to deliver water to plaintiff at an exorbitant price much in excess of that charged to its stockholders and water-right owners, and in excess of the price fixed by the court in the temporary injunction; that the amount paid by plaintiff and received by defendant, as so fixed, was unreasonably high and unjust; and praying judgment upon final determination of the suit, for the repayment to him of the excess paid above a reasonable price. Upon final hearing judgment was rendered for the plaintiff perpetually enjoining the defendant from preventing the flow from the Salt River through its canal to plaintiff's premises of the amount of water prayed for, subject to payment by plaintiff of the company's reasonable charge for the diversion and carriage of water; and also decreeing the recovery by plaintiff from defendant of forty-five dollars found by the court to be the excess over a reasonable price paid for service of water during the pendency of the litigation.

Numerous errors are assigned by appellant, which, being grouped, raise five points. Under one of these appellant seeks a reconsideration and disapproval of the principles set forth by this court in the Slosser and Gould cases, *supra,* underlying the service of water by such companies as appellant. After consideration, in the light of appellant's argument, of the views expressed in the Gould case, and in the Slosser case as modified by the opinion in the Gould case, we perceive no reason to disapprove thereof, but reaffirm them.

The second point is that the court erred in granting a mandatory writ of injunction compelling the company to serve water to plaintiff upon payment of a rate fixed by the court, pending final judgment. If the granting of this order was an erroneous exercise of power the error would not be ground for reversing or modifying the final judgment, upon the rendition of which the interlocutory order expired by its own limitation. Therefore we need not pass upon the point.

The remaining points raised go to that portion of the judgment decreeing a recovery by plaintiff of the excess over a reasonable price paid by him for the service of water. The jurisdiction of the court in rendering such judgments, questions permitted over objection to be asked by plaintiff of

witnesses to support his contention that the price paid by him was in excess of a reasonable price, and the court's finding of fact, are each attacked.

Appellant contends that the fixing of a rate for the rendition of services by a public-service corporation is a legislative act, and not judicial. It is necessary to apply a distinction which we may accurately make by adopting the language of the supreme court of the United States, in *Interstate Commerce Commission* v. *Cincinnati etc. R. R. Co.*, 167 U. S. 479, 499, 17 Sup. Ct. 896, 900, 42 L. Ed. 243: "It is one thing to inquire whether the rates which have been charged and collected are reasonable—that is a judicial act; but an entirely different thing to prescribe rates which shall be charged in the future—that is a legislative act." The court did not seek to fix a rate for future service by appellant, but exercised jurisdiction to determine whether the rate was unreasonably high which had been collected by appellant from Nelssen for service of water pending a final judgment, which rate was paid by Nelssen under an order of the court and, therefore, presumably without acquiescence in the amount thereof. A public-service corporation does not enjoy its franchise solely for the profit of its promoters or stockholders. While it uses the franchise there rests upon it a duty to render to the public, at a reasonable rate, the services for which it was created. *Munn* v. *Illinois*, 94 U. S. 113, 126, 134, 24 L. Ed. 77. It is clear in reason, and is well settled by precedents that where statutes prescribe maximum rates, one from whom a rate has been exacted in excess of the legal maximum, may sue for the excess. It is equally well supported by reason that where statutes do not define a maximum lawful rate if prices are exacted which, in the light of all the facts to be considered, are unreasonably high, one who pays such prices under protest or under such circumstances as do not amount to an acquiescence in the charge, may by suit recover the excess paid over a reasonable price; and we so hold. Whether one who has acquiesced in the excessive price may recover, is a matter not before us, and one upon which we express no opinion. What is a reasonable price is, in such a suit, a fact to be proved as other facts are proved. A maximum rate is not fixed by law for the service rendered by such companies as the Salt River Valley Canal Company. It was a proper ex-

ercise of jurisdiction for the court to determine that the price paid by Nelssen for the service of water under the temporary order was in excess of a reasonable price, and to decree a recovery of the excess.

Witnesses of the plaintiff were asked the following questions: "When you receive the service of water in a season of scarcity do you make any profit out of that water? What is the service of water worth to the farmer? What would you consider to be a fair price for water service under the Salt River Valley Canal during the last year? During the past year were there any assessments on those 109 shares?" [reference being made to shares in the Tempe Canal Company, a company shown to be similar to the defendant company and operating in the same valley under like conditions.] "What was the total assessment levied upon the 109 shares in the Tempe Canal for the fiscal year last past?" No issue was made as to the competency of the witnesses to answer these questions, but it was objected by the defendant that the questions tended to elicit facts, which have no bearing upon the question of the reasonable price for the service rendered to plaintiff by the defendant.

In determining what is a reasonable price to be charged for its services by a public-service corporation, an examination must be made not only from the point of view of the corporation, but from that of the one served, also. A reasonable rate is not one ascertained solely from considering the bearing of the facts upon the profits of the corporation. The effect of the rate upon persons to whom services are rendered is as deep a concern in the fixing thereof as is the effect upon the stockholders or bondholders. A reasonable rate is one which is as fair as possible to all whose interests are involved. In *Covington etc. Turnpike Company* v. *Sandford*, 164 U. S. 578, 596, 17 Sup. Ct. 198, 205, 41 L. Ed. 560, the supreme court of the United States had under consideration the question what was a reasonable toll to be charged by a turnpike company. The court said: "It cannot be said that a corporation is entitled, as of right, and without reference to the interests of the public, to realize a given per cent upon its capital stock. When the question arises whether the legislature has exceeded its constitutional power in prescribing rates to be charged by a corporation controlling a public high-

way, stockholders are not the only persons whose rights or interests are to be considered. The rights of the public are not to be ignored. It is alleged here that the rates prescribed are unreasonable and unjust to the company and its stockholders. But that involves an inquiry as to what is reasonable and just for the public. . . . The public cannot properly be subjected to unreasonable rates in order simply that stockholders may earn dividends. . . . If a corporation cannot maintain such a highway and earn dividends for stockholders, it is a misfortune for it and them which the constitution does not require to be remedied by imposing unjust burdens upon the public. So that the right of the public to use the defendant's turnpike upon payment of such tolls as in view of the nature and value of the service rendered by the company are reasonable, is an element in the general inquiry whether the rates established by law are just and reasonable." See, also, *Smyth* v. *Ames,* 169 U. S. 466, 544, 18 Sup. Ct. 418, 42 L. Ed. 819. In using the expression "value of the service rendered" we must understand that the word "value" means value to the person to whom the service is rendered.

Applying the law as we have stated it, it is readily seen that the first three questions quoted tend to elicit information which it was proper for the court to consider. Answers to the other two, as is shown by an examination of the questions and answers preliminary to them, should tend to disclose the expense of operating and maintaining another canal serving water under similar conditions in the same valley and thus to throw some light upon what are appellant's necessary expenses. It was not error to permit those questions to be answered. Finally it is contended by appellant that the court erred in the valuation placed upon appellant's property and in the amount fixed as the reasonable price for plaintiff's service. The findings of the court in these matters are sufficiently supported by the testimony, and should not be disturbed.

The judgment reads in part as follows:—"It is now ordered, adjudged, and decreed that the plaintiff is an appropriator of water from the Salt River and is entitled to the service of defendant corporation in the diversion and carriage of water from Salt River to plaintiff's said premises through and by

means of the Salt River Valley canal in amount sufficient for the cultivation of crops growing upon plaintiff's premises, to wit, the east one half of the southwest one quarter of section 9, township 1 north, range 2 east of Gila and Salt River base and meridian, in Maricopa County, Arizona Territory, and for domestic use and stockraising purposes in connection therewith, in all not exceeding twenty-five (25) miners' inches, upon payment to said defendant corporation by plaintiff, his heirs or assigns, of its reasonable charges for such diversion and carriage, and subject to defendant's reasonable regulations as to service of water.  And it is now further ordered, adjudged and decreed that defendant be forever enjoined from in any manner or by any means whatsoever preventing the flow from said Salt River through said Salt River Valley canal to the plaintiff's said premises in amount the same as that diverted and carried by said defendant through said canal for similar uses upon other lands of equal acreage under said canal entitled to the same amount of water and not to exceed the amount necessary for the cultivation of crops growing upon said land and for stockraising and domestic use thereon subject to the reasonable regulations of said defendant as to the service of said water, and the payment to said defendant by plaintiff, his heirs or assigns, of its reasonable charge for such diversion and carriage."

We observe that provision is not made therein for the possibility that by reason of a shortage of water during a drought or under other circumstances there may arise a condition such that appellee would not be entitled to water as against prior appropriators served by appellant.  To remedy this, that portion of the judgment which is quoted is modified so as to read as follows:  It is now ordered, adjudged, and decreed that the plaintiff is an appropriator of water from the Salt River and, subject to the prior rights of prior appropriators, is entitled to the service of defendant corporation in the diversion and carriage of water from Salt River to plaintiff's said premises through and by means of the Salt River Valley canal in amount sufficient for the cultivation of crops growing upon plaintiff's premises, to wit, the east one half of the southwest one quarter of section 9, township 1 north, range 2 east of Gila and Salt River base and meridian, in Maricopa County, Arizona Territory, and for domestic use and stock-

raising purposes in connection therewith, in all not exceeding twenty-five (25) miners' inches, upon payment to said defendant corporation by plaintiff, his heirs, or assigns, of its reasonable charges for such diversion and carriage, and subject to defendant's reasonable regulations as to service of water. And it is now further ordered, adjudged, and decreed that, subject to the prior rights of appropriators supplied with water by defendant whose appropriations are prior to that of plaintiff, defendant be forever enjoined from in any manner or by any means whatsoever preventing the flow from said Salt River through said Salt River Valley canal to the plaintiff's said premises in amount the same as that diverted and carried by said defendant through said canal for similar uses upon other lands of equal acreage under said canal entitled to the same amount of water, and not to exceed the amount necessary for the cultivation of crops growing upon said land and for stockraising and domestic use thereon subject to the reasonable regulations of said defendant as to the service of said water, and the payment to said defendant by plaintiff, his heirs, or assigns, of its reasonable charge for such diversion and carriage.

The judgment as modified is affirmed.

SLOAN, J., DOAN, J., and CAMPBELL, J., concur.