Pulaski Heights Sewerage Company *v.* Loughborough.

Opinion delivered May 30, 1910.

1.  Sewers—public interest.—A sewer built not for private use but for any persons who might wish to connect with it upon paying a fee therefor is devoted to a use in which the public has an interest. (Page 266.)

2.  Same—reasonable fee.—In the absence of legislation as to the maximum of charges for the use of sewers, the courts may determine what is a reasonable fee in a particular case. (Page 267.)

3.  Same—how reasonableness of charge determined.—In determining what is a reasonable price to be charged for services by a public sewer company, the interest of the public should be considered as well as the right of the stockholders in the sewer company. (Page 267.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed with modification.

*R. C. Powers,* for appellant.

All previous agreements were merged in the written contract, and evidence of a previous agreement was inadmissible. Anson on Contracts, 213; Lawson on Contracts, § 372; Greenl. on Ev., § 275. Any person who taps a sewer must pay in proportion to the value of his property to be benefited thereby. Kirby's Dig., § 5726. The sewerage company is entitled to a charge which will pay its expenses, repay the investment made by the stockholders and a reasonable profit on the same. 179 Pa. 231; 36 L. R. A. 260; 174 U. S. 179; 72 Fed. 955; 118 Cal. 556; 124 Fed. 599; 212 U. S. 19; 12 East 527; 116 U. S. 307; 148 U. S. 312; 94 U. S. 141; 134 U. S. 418; 154 U. S. 362; 169 U. S. 466; 164 U. S. 578; 174 U. S. 739; 176 U. S. 167; 186 U. S. 275; 206 U. S. 1; 161 Fed. 995; 78 Fed. 261.

The return must not be less than the legal rate of interest. 114 Fed. 561; 123 Fed. 951; 13 N. Y. S. 392; 124 Fed. 598; 7. Ont. App. 226; 169 U. S. 534; 1 L. R. A. 744; 169 U. S. 466. Without a contract with the sewerage company plaintiff had no right to empty his sewerage upon its property, and equity would enjoin him from doing so. 77 Hun 604; 191 Ill. 210; 113 Ga. 963; 142 Ill. 194; 59 App. Div. 30; 70 N. Y. S. 284.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

Since the record does not contain all the evidence before the chancellor, it should be affirmed without going into the merits. 45 Ark. 240; 38 Ark. 477; 58 Ark. 134; 72 Ark. 185; 80 Ark. 583; 83 Ark. 425; 77 Ark. 200; 81 Ark. 528. The charges for connection must be reasonable and not arbitrary. 94 U. S. 113; *Id.* 155; 110 U. S. 347; 115 U. S. 650; 143 U. S. 517. In the absence of legislation on the subject, the courts will fix a reasonable rate or charge. 149 Ill. 374; 143 N. Y. 277; 122 N. C. 207; 47 O. St. 1; 158 Ind. 519; 17 Pac. 490; 56 Ga. 431. The value of service to the public is the limit of the charge. 74 Fed. 87; 174 U. S. 739. Discriminating charges are unreasonable. 196 Ill. 626; 57 O. St. 336; 193 Pa. 175. Appellee was entitled to the injunction. 104 Ala. 315; 87 Me. 287; 64 How. Pr. 33; 165 N. Y. 27.

BATTLE, J. The Pulaski Heights Sewerage Company is a corporation organized under the laws of Arkansas for the purpose of building a sewer in the territory known as Pulaski Heights. Before the sewer was constructed J. F. Loughborough purchased many lots of ground in that territory. After his purchase the sewer was completed. Loughborough built a residence upon a part of his lots, and connected his house with the sewer in usual manner. He did so without compensating the sewerage company for the same. On this account the sewerage company severed his connection, and Loughborough thereupon again united and filed a complaint in the Pulaski Chancery Court against the Pulaski Heights Sewerage Company and Pulaski Heights Land Company, and asked that defendants be restrained from interfering with his connections with the sewer until the town council of Pulaski Heights has given the sewerage company a right to operate the sewer and has fixed

the fees for connection with the same. An order temporarily restraining the defendants from interfering with the sewer connection was made by the court. The defendants answered.

The only question in the case is, what compensation will entitle Loughborough's house to connection with the sewer of Pulaski Heights Sewerage Company? The chancery court, after hearing the evidence, held that plaintiff was entitled to connect his house with the sewer upon payment of $50, and made the temporary restraining order perpetual, and the defendants appealed.

The sewerage company contends that it is a private corporation, and no one has a right to connect with its sewer except upon terms to which it shall agree. Is it correct? In *Munn* v. *Illinois,* 94 U. S. 113, 126, it is said: "Property does become clothed with a public interest when used in a manner to make it of public consequence, and affect the community at large. When, therefore, one devotes his property to a use in which the public has an interest, he, in effect, grants to the public an interest in that use, and must submit to be controlled by the public for the common good, to the extent of the interest he has thus created. He may withdraw his grant by discontinuing the use; but, so long as he maintains the use, he must submit to the control." "Upon this principle, the Legislature can fix the maximum of charge for the storage of grain in public warehouses, and for carriage of freight and passengers by common carriers. From the same source comes the power to regulate millers, bakers, hackmen, ferriers, wharfingers, innkeepers, and the like; 'and in so doing to fix the maximum of charge to be made for services rendered, accommodations furnished and articles sold.' *Munn* v. *Illinois,* 94 U. S. 113; *Budd* v. *New York,* 143 U. S. 517; *Dow* v. *Beidelman,* 125 U. S. 680; S. C. 49 Ark. 325; *Mobile* v. *Yuille,* 3 Ala. (N. S.) 140. Upon the same principal it was held in *Spring Valley Waterworks* v. *Schottler,* 110 U. S. 347, 'that it is within the power of the government to regulate the price at which water shall be sold by one who enjoys a virtual monopoly of the sale.'" *Leep* v. *Railway Company,* 58 Ark. 416.

The sewerage company was organized for the purpose of constructing, maintaining and operating sewers, and renting

or selling the right to connect with and use the same. It constructed a sewer about twelve or thirteen hundred yards long, or longer.    All persons who wish, upon payment of the fee demanded, are allowed to connect with and use it.    About one-third of it is built upon private property.    It is not confined to the use of any particular persons, but all who can are invited to connect with and use it upon the payment of a fee agreed upon.    All persons hereafter buying real estate sufficiently near to make it useful, upon paying the fee, may make connection and use it.    To the public within reach of it, or who may come within reach of it, it is useful and necessary in many ways. The sewerage company has in this way devoted the sewer to a use in which the public has an interest.

In the absence of legislation as to the maximum of charges for the use of sewers courts in cases like this can determine what is reasonable.    They can not prescribe rates which shall be charged in the future and in cases other than that before them.    That would be a legislative act.    *Munn* v. *Illinois,* 94 U. S. 133, 134; *Salt River Valley Canal Co.* v. *Nelssen* (Ariz.), 85 Pac. 117.

In *Salt River Valley Canal Co.* v. *Nelssen,* 85 Pac. 117, in which the court determined the amount a corporation should charge, the court said: "In determining what is a reasonable price to be charged for services by a public corporation, an examination must not only be made from the point of view of the corporation, but from that of the one served also.    A reasonable rate is not one ascertained solely from considering the bearing of the facts upon the profits of the corporation.    The effect of the rate upon persons to whom services are to be rendered is a deep concern in fixing thereof, as is the effect upon the stockholders or bondholders.    A reasonable rate is the one that is as fair as possible to all whose interests are involved."

In *Covington & Lexington Turnpike Road Co.* v. *Sandford,* 164 U. S. 578, 596, the question under consideration was what was a reasonable toll to be charged by a turnpike company? The court said: "It can not. be. said that a corporation is entitled as of right, and without reference to the interest of the public, to realize a given per cent. on its capital stock.    When the question arises whether the Legislature has exceeded its

constitutional power in prescribing rates to be charged by a corporation controlling a public highway, stockholders are not the only persons whose rights or interest are to be considered. The rights of the public are not to be ignored. It is alleged here that the rates prescribed are unreasonable and unjust to the company and its stockholders. But that involves an inquiry as to what is reasonable and just to the public. * * * The public can not be properly subjected to unreasonable rates in order simply that the stockholders may earn dividends. * * * If a corporation can not maintain such a highway and earn dividends for stockholders, it is a misfortune for it and them which the Constitution does not require to be remedied by imposing unjust burdens upon the public. So that the right of the public to use the defendant's turnpike upon the payment of such tolls as, in view of the nature and value of the services rendered by the company, are reasonable is an element in the general inquiry whether the rates established by law are unjust and unreasonable." See also *Smyth* v. *Ames,* 169 U. S. 466. 544; *San Diego Land Co.* v. *National City,* 174 U. S. 739, 757; *Railway Co.* v. *Smith,* 60 Ark. 221.

The evidence in this case fails to furnish a satisfactory standard to determine what compensation for connection of plaintiff's residence with the sewer of Pulaski Heights Sewerage Company would be reasonable and just to all parties. The nearest approach is the average costs of connections with sewers in Little Rock. The sewer in question is in the vicinity of that city. In Little Rock the average cost is about fifty or sixty dollars for a connection, mostly $50. One charge was as high as $83. As the cost of the sewer in question was expensive, more so than the average in Little Rock, we think that $60 should be allowed for a connection with it in this case, the highest average in Little Rock; and it is so ordered.

Decree modified in accordance with this opinion.