## HINTON v. BOWMAN.

### Opinion delivered December 18, 1911.

1. SEWERS—CHARGES FOR CONNECTION—POWER OF COURTS TO FIX.—In the absence of legislation as to the maximum of charges for the use of sewers, the courts may determine what is a reasonable fee in a particular case, but can not prescribe what shall be charged in the future and in cases other than that before them. (Page 308.)

2. SAME—INJUNCTION—USE OF PRIVATE SEWER.—Where defendant owning 12 city lots, seeks to connect 3 of them with plaintiff's private

sewer by a lateral sewer on defendant's land, intending in the future, to connect the remainder of the lots, he will be permitted to connect the 3 lots by paying a reasonable compensation therefor, and will be restrained from connecting the other lots through his lateral sewer until compensation therefor has been made to plaintiff. (Page 309.)

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Wiley & Clayton,* for appellant.

The basis used by the court in arriving at the amount fixed by the decree is erroneous. Appellee had the right to connect with the sewer upon reasonable terms, and the courts can determine what is a reasonable charge. There being but one connection for a residence enclosed by three lots only, the charge should be based on what would be reasonable for the three lots only, and not the twelve lots owned by appellant. 95 Ark. 264.

*Ratcliffe, Fletcher & Ratcliffe,* for appellee.

FRAUENTHAL, J. This was an action instituted by L. E. Hinton, plaintiff below, seeking to restrain the defendant from preventing his connecting his residence with a sewer which had been constructed by the defendant. In his complaint, he offered to pay an amount which he alleged was a reasonable charge for such connection, and asked the relief sought upon that condition, which he claimed was equitable. Plaintiff is the owner of a tract of land situated in the city of Little Rock, which he has divided into twelve lots. Upon three of these lots he has erected a residence, for which he desires the sewer connection, and the other lots are vacant.

The defendant had constructed a sewer adjacent to this property for the purpose of operating it and permitting all persons in the immediate vicinity who could be served by it to make connection with it upon payment of a proper consideration. The sum thus demanded by him was claimed by plaintiff to be excessive. It is conceded by defendant that the sewer was devoted to the use of the public, and the only question involved in this case is, what is a reasonable charge for this connection with the sewer?

It appears that about one hundred lots can be served by this sewer, and that its construction cost about $1,600. It is

therefore insisted by defendant that $16 for each lot, making $192 for the twelve lots, is a reasonable charge for such connection. The plaintiff, however, contends that he only wishes to make one connection, and that his residence is only situated upon three lots; and he therefore insists that $48 would be a reasonable charge for such connection.

It appears that plaintiff had constructed a lateral sewer leading to the main sewer of defendant, and that this lateral sewer was extended down an alley adjacent to the rear of each of the 12 lots, so that, by connecting each of these lots with said lateral sewer, connection could be obtained with the main sewer. It is contended by defendant that, because plaintiff can thus make effective connection of all the 12 lots with his sewer, the charge for the connection involved in this suit should be based upon the 12 lots. The plaintiff testified that he did not wish to make, and does not now contemplate making, any connection of any other lot with the lateral or main sewer, and he urges that he should not be charged for any future service which he does not contemplate securing and does not now wish to obtain.

The chancellor held that plaintiff had constructed his lateral sewer so as to allow connection of all twelve lots with the main sewer, and this was a virtual connection of each lot. He held that a reasonable sum to be paid for the connection should be based on all 12 lots, and entered a decree enjoining defendant from preventing such connection with the main sewer upon condition that the plaintiff should pay the sum of $192 therefor.

In the case of *Pulaski Sewerage Co.* v. *Loughborough*, 95 Ark. 264, which is in many particulars very similar to the case at bar, it was held: "In the absence of legislation as to the maximum charge for the use of sewers, courts in cases like this can determine what is reasonable. They can not prescribe rates which shall be charged in the future, and in cases other than that before them." For a like reason, we think no prescribed charge can be made for any future connection, but must be limited only to the connection made or which will be immediately made. The matter in controversy is the present connection, or the one intended to be made; and the determination should be limited to such connection. In this case

the charge should only be for the connection covering the three lots upon which the residence is situated; that is, the connection which the plaintiff testified he only desires. There should be no charge made against him for any future connection, because such future connection is not involved in this suit, and the plaintiff expressly states that he does not desire future connection. To base the determination solely upon the connection involving these three lots upon which the residence is located will not affect the rights of either party as to the charge to be made or to be paid for the connection for the other lots, or any of them. Defendant would still have a right to make a charge for a connection made with any other lot than the three involved in this case, and to enjoin such connection, if made without his consent, in event a reasonable sum therefor was not tendered or paid. There should be no present charge exacted from plaintiff for a future connection that may be made of the other lots as a condition to permitting connection with the residence on the three lots, as now actually asked for. A reasonable charge only should be made and required to be paid for connection for these three lots.

It appears from the testimony that in the city of Little Rock the average cost for similar sewer connections is from $50 to $60. The testimony further shows that the plaintiff, believing the city had a right to give to him the connection he desired for the three lots, agreed to pay $75 therefor, which was the price fixed by the city as a compensation for such connection. In his answer, which is duly sworn to, defendant stated that he was willing before this suit was instituted to permit this connection to be made for these three lots for the sum of $60, and he also stated therein that this was a reasonable charge therefor. Upon a consideration of all the testimony and the circumstances of this case, we think that $60 should be allowed for making this connection with the residence and the three lots. But this will not give a license to plaintiff or any grantee from him to make connection for any of the other lots, either directly with the main sewer, or indirectly by means of the lateral sewer. Any connection made by any of the other lots with the lateral sewer is in effect a connection with the main sewer, and whenever that is done defendant will be entitled to a reasonable compensation therefor. If such charge is not

paid before such connection for any of the other lots is made, defendant should be protected in his right to prevent the plaintiff or any grantee from him from making such connection. He can not obtain effective relief by securing an injunction in the future, because the connection may then be made with the lateral sewer, which is entirely upon plaintiff's property. His rights in this regard can be fully protected by now granting an injunction to him against the plaintiff from connecting any of these lots, other than the three in question, with such lateral or main sewer before paying therefor a reasonable compensation, which injunction will be also effective against any grantee of plaintiff; and this will be done. The plaintiff, upon condition of such injunction being entered and of his paying to defendant the sum of $60, will be permitted to make the connection asked for in this suit, and the defendant will be restrained from preventing him from making the same.

The decree will be reversed, and the cause remanded with directions to enter a decree in accordance with this opinion.